DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL A. RODRIGUEZ (NYBN 4938262)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3717
   FAX: (510) 637-3724
   Michael.Rodriguez@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-447 HSG |
| Plaintiff, | UNITED STATES' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRETRIAL DETENTION |
| v. | |
| DEMAURIJA MONZARELL COLLINS, | Date:   December 29, 2020<br>Time:   10:30 a.m.<br>Court:  Honorable Sallie Kim |
| Defendant. | |

U.S. MOT. FOR PRETRIAL DETENTION
CR 20-447 HSG

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at the time and place specified above, or as soon thereafter as the matter may be heard, the United States will move and does hereby move this Court for entry of an order detaining defendant Demaurija Monzarell Collins pending trial.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 18, 2020, officers found a loaded pistol in the center console of Collins' Mercedes-Benz. The firearm had been reported stolen out of Las Vegas. As a three-time convicted felon, Collins was prohibited from possessing the firearm and ammunition. Collins has an extensive criminal history, and in addition to his three felony convictions he has sustained eight misdemeanor convictions and has been arrested dozens of other times, including seven times for domestic battery. His record also shows numerous instances where he has disobeyed court orders, violated his probation, and failed to appear. He has been known to use half a dozen aliases and he lacks stable employment. In sum, Collins' criminal history establishes that he poses a significant danger to the community, and that bond conditions and court supervision will have no effect on Collins' behavior, nor will they assure his future appearances in court. Accordingly, the Court should order Collins detained pending trial.

**BACKGROUND**

**I.   OFFENSE CONDUCT**

On the evening of August 18, 2020, California Highway Patrol (CHP) officers initiated a traffic stop in West Oakland after observing a black Mercedes that was being driven without headlights and was missing a front license plate. After the Mercedes yielded, the officers exited their patrol vehicle and contacted the driver, later identified as Collins, who was the sole occupant in the car. Collins, a three-time convicted felon, falsely identified himself as "Wali Hardy" and provided a false date of birth. The officers conducted a database search of Hardy's name and date of birth, but the physical description and photograph of Hardy did not match the Mercedes driver's physical characteristics. Officers conducted a California Department of Motor Vehicles search for the Mercedes and found it was registered to Collins. The officers performed a database search for Collins' name and located his identifying information as well as his photograph. Using that photograph, the officers positively identified Collins as the driver of

the Mercedes.

A criminal records check of Collins showed that he had an active arrest warrant for violating California Penal Code § 459 (Burglary). The records check also showed that Collins was currently on active Alameda County felony probation and that, as part of his probation terms, Collins was subject to a search condition. Officers arrested Collins for his outstanding arrest warrant and then searched the Mercedes. During the search and inventory of the Mercedes, the officers located a loaded Sig Sauer P365 9mm handgun in the center console of the vehicle. The firearm was reported stolen out of Las Vegas, Nevada. Officers arrested Collins and charged him with numerous offenses relating to the firearm and ammunition seized in his car. When officers asked Collins why he provided a false name, Collins said it was because he knew there was a warrant for his arrest.

## II.  AUGUST 12, 2020 SHOOTING

Collins is also a suspect in a shooting that occurred six days prior to his arrest, on the afternoon of August 12, 2020. The victim of the shooting was driving a pickup truck and merged onto I-580 from Grand Avenue in Oakland. As the victim attempted to merge into the far right lane of the highway, a black Mercedes sedan was traveling at a high rate of speed in that lane. The driver of the Mercedes began honking at the victim, and as the Mercedes passed the victim's pickup truck, a front passenger in the Mercedes rolled down his window and threw an object at the truck, which dented the vehicle's door. The Mercedes then pulled in front of the truck and came to a complete stop on the highway. The front passenger got out of the Mercedes and began yelling at the victim, who quickly drove around the Mercedes to get away.

A short time later, the Mercedes again passed the pickup truck, this time without incident. As the truck was approaching the Bay Bridge toll plaza, the victim saw that the Mercedes had pulled over near an off ramp. The victim observed the driver of the Mercedes holding a gun out of the driver's side window and then saw the driver fire shots at the truck. Two of the bullets struck the victim's vehicle, leaving bullet holes on the right rear side of the truck.

The victim continued driving to San Francisco where he reported the incident to police. He also managed to take a picture of the Mercedes and its license plate, and officers determined that the vehicle

was registered to Collins. This is the same vehicle that Collins was driving when he was arrested on August 18, 2020. The investigation of this incident is continuing.

### III.  CRIMINAL HISTORY

Prior to this offense, Collins sustained three felony convictions and eight misdemeanor convictions. His significant criminal record began when he was only 12. As a juvenile Collins was arrested 10 times for everything from burglary to battery with serious bodily injury. His propensity for crime continued into adulthood, and he has been arrested dozens of times, including 11 times in just the last two years.

On May 2, 2015, Collins was arrested at 13th Street and Broadway in Oakland after officers conducted an enforcement stop on a number of men who were gambling on the corner. Collins was carrying a loaded pistol at the time, which officers determined had been reported stolen. As part of a plea deal, in August 2015 Collins pled no contest to carrying a loaded firearm in violation of California Penal Code § 25850(a) and received a 16-month sentence.

Later that same year, in December 2015, Collins sustained another felony conviction for receiving stolen property and was sentenced to 300 days in jail. His first felony conviction, which was for theft, occurred in 2013.

### ARGUMENT

### I.  LEGAL STANDARD

A detention hearing must be held upon motion of the attorney for the government in a felony case that involves the possession or use of a firearm—like Collins' case here. 18 U.S.C. § 3142(f)(1)(E). The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1] individualized

evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*. Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## II. SECTION 3142(G) FACTORS WEIGH IN FAVOR OF DETENTION

As for the nature and circumstances of the charged offense, under § 3142(g)(1), this factor weighs in favor of detention. Collins' offense conduct here is very serious. At the time of his arrest, he was in possession of a loaded firearm that had been reported stolen out of Las Vegas. The seriousness of the charged offense is reinforced by statutory mandate. Congress passed Section 922(g) to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship." *United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (internal quotation marks omitted). That statutory goal bears directly on the question of detention here because, as demonstrated by his extensive criminal history, Collins chooses to live by his own rules, not in "conformity with the responsibilities of citizenship." The issue of danger is especially pertinent in this case because just six days prior to his arrest, a person driving Collins' Mercedes (which was registered only to him) was involved in a road rage shooting where an innocent motorist was shot at in broad daylight. As mentioned above, Collins is the suspect in that investigation, which is continuing.

As for the weight of the evidence, under § 3142(g)(2), this factor also favors detention because the evidence of Collins' guilt is overwhelming. The firearm was found in Collins's vehicle, and it was discovered by police when Collins was the only occupant in the car. While this factor is deemed the

least important by case law, courts are still required to consider it, and it can help establish dangerousness. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that the defendant would pose a danger if released). Likewise, overwhelming evidence of Collins' guilt "makes it more likely that he will flee," particularly in light of the lengthy term of imprisonment that Collins potentially faces here. *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991).

Collins' history and characteristics, and the clear danger he poses to the community, which are considered under §§ 3142(g)(3) and 3142(g)(4), strongly favor detention. Collins is a three-time convicted felon and eight-time misdemeanant who, despite being only 29, has a litany of criminal conduct that spans two decades. It should be noted that much of this conduct was violent in nature, and Collins' numerous arrests for domestic battery are especially concerning. Despite Collins' repeated arrests and convictions, he has made no attempt to change his criminal ways. In fact, Collins came into federal custody on this charge only after he left California for Arizona. He was arrested in Mesa, Arizona in October and charged with assault, criminal damage, and obstruction (after refusing, yet again, to provide officers with his true name). Collins' conduct shows that he is an inveterate offender who has squandered every second-chance opportunity he has received. He does not deserve any benefit of the doubt, and there is no reason to believe that Collins will now behave differently after being charged with a federal offense and facing potentially severe consequences for his actions.

### III.   COLLINS IS A FLIGHT RISK

Section 3142(e) is primarily concerned with reasonably assuring the appearance of a defendant so that judicial proceedings may proceed. Flight risk is not limited to a defendant leaving the country—rather, it is concerned with the question of whether a defendant will actually show up for his or her criminal proceedings. Here, there is no reason to trust that Collins will appear at future court appearances related to this case. His record is replete with instances where he has disobeyed court orders, violated his probation, violated protective orders, and lied to officers about his identity in order to avoid being arrested. One does not have to look far for examples of this behavior. When he was arrested for the charged conduct in August 2020, he provided a false name and then admitted to officers that he lied about his identity because he knew he had an outstanding arrest warrant. And just two

months ago Collins was arrested in Mesa, Arizona, where one of his charges was for obstruction because he refused to provide his true name. In sum, there is absolutely no reason to assume that Collins will suddenly decide to start abiding by court orders. His history contravenes that conclusion, and there is too much evidence of his noncompliance to reasonably believe that Collins will abide by any conditions of release. The government submits that nothing exists in the record that could lead this Court to believe that, if released, Collins would appear in court as required.

## CONCLUSION

For the foregoing reasons, the Court should order that Collins be detained pending trial.

DATED: December 28, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Michael A. Rodriguez*
MICHAEL A. RODRIGUEZ
Assistant United States Attorney