STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEMAURIJA MONZARELL COLLINS,<br><br>    Defendant. | NO. CR 20-447 HSG<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date:  July 28, 2021<br>Time:  10:00 a.m.<br>Before:  Hon. Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

Defendant Demaurija Monzarell Collins appears before the Court for sentencing on the charge of being a felon in possession of a firearm. At the time of his arrest in August 2020, he was on active probation and facing an outstanding arrest warrant. He came to the attention of law enforcement by driving his Mercedes at night in West Oakland without headlights. When stopped by officers, defendant lied about his name and date of birth, later admitting he lied because of the outstanding warrant. Officers searched the Mercedes and found a loaded handgun in the center console. This was not defendant's first firearms possession offense. In 2015, defendant sustained a felony conviction for carrying a weapon in public when officers encountered him near 13th and Broadway in Oakland. He received a 16-month sentence for that offense. As discussed further below, the history and characteristics of the defendant and the need to address the seriousness of the criminal conduct, protect the public from further crimes of the defendant, and afford adequate deterrence weigh in favor of imposing a sentence of 33 months of imprisonment and three years of supervised release.

## II. FACTUAL BACKGROUND

### A. Defendant's Offense Conduct

On August 18, 2020, at approximately 9:55 p.m., CHP officers in West Oakland observed a black 2000 Mercedes-Benz CLS550 traveling without its head lights on, in violation of California Vehicle Code, § 24250, and no front license plate, in violation of California Vehicle Code, § 5200(a).

The officers conducted a traffic enforcement stop. Defendant was the sole occupant of the Mercedes. Defendant gave a false name and date of birth to the officers. The officers used this false information to run a database search, which yielded a physical description and photograph that did not match defendant. The officers then searched DMV records for the Mercedes and found it was registered to defendant. Finally, the officers searched Alameda County's records and located identifying information including a photograph for defendant, from which the officers positively identified defendant as the sole occupant of the Mercedes. When the officers ran a criminal records check, they found an active, no bail arrest warrant for defendant for violating California Penal Code § 459 (Burglary). The officers also learned that defendant was then on active Alameda County felony

probation and that, as part of his probation terms, defendant was subject to a search condition.

The officers arrested defendant and searched the Mercedes, during which they located a loaded Sig Sauer P365 9mm handgun in the center console of the vehicle. Defendant denied knowledge of the loaded firearm in the center console and informed the officers he had recently purchased the Mercedes. Defendant admitted that he provided a false name to officers because he knew there was an outstanding warrant for his arrest. The Sig Sauer P365 9mm handgun was manufactured outside the state of California and had been previously reported stolen in Las Vegas, Nevada.

### B. Defendant's Criminal History

On May 2, 2015, defendant was arrested at 13th Street and Broadway in Oakland after officers conducted an enforcement stop on a group of men who were gambling on the corner. Defendant was carrying a loaded pistol at the time, which officers determined had been reported stolen. As part of a plea deal, in August 2015, defendant pled no contest to carrying a loaded firearm in violation of California Penal Code § 25850(a). Defendant received a 16-month prison sentence, and he acknowledged in writing that he would receive the sentence.

In addition to his felony conviction for carrying a loaded firearm in 2015, defendant has sustained three other felony (burglary, 2011; theft, 2013; second degree burglary, 2017) and five misdemeanor (domestic battery, 2010; theft, 2012; theft, 2012; theft, 2017; burglary, 2020) convictions. PSR ¶¶ 27-35.

According to the PSR, defendant has an additional case that is not located on his criminal history report, which involves an outstanding warrant for charges filed in Alameda County on April 15, 2020, including grand theft, second degree commercial burglary, and carrying a loaded firearm. PSR ¶ 35.

### C. Procedural History

Arrested on a criminal complaint, defendant made his initial appearance on October 16, 2020 in the District of Arizona, and he was detained. Defendant has remained in custody at all times since his initial appearance. The Grand Jury returned a single count Indictment on December 1, 2020, charging defendant with violating 18 U.S.C. § 922(g)(1). Dkt. No. 6. Defendant was arraigned on December 17, 2020. Dkt. No. 10. A detention hearing occurred on December 29, 2020, and defendant was remanded

SENTENCING MEMORANDUM  3
CR 20-447 HSG

to custody. Dkt. No. 13. The parties appeared for status conferences on January 11 and April 19, 2021. Dkt. Nos. 17, 29. Thereafter, the parties set a change of plea hearing, which occurred on May 12, 2021. Dkt. Nos. 34, 37. On that date, defendant entered his guilty plea, which the Court accepted. Dkt. Nos. 36, 37.

## III.   PENALTIES

### A.   Statutory Penalty Range

The government agrees with the statutory penalties set forth in the Presentence Report. PSR ¶¶ 79, 81. The maximum penalties for a violation of 18 U.S.C. § 922(g)(1) are ten years of imprisonment and three years of supervised release.

### B.   Guidelines Range

The United States agrees with the Probation Department's calculations at PSR ¶¶ 14-23.

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. § 2K2.1(a)(3): | 14 |
| b. | Specific Offense Characteristic | |
| | -Stolen Firearm, U.S.S.G. § 2K2.1(b)(4)(A): | +2 |
| | Acceptance of Responsibility (§ 3E1.1) | -3 |
| | Total Offense Level | 16 |

The United States further agrees with the Probation Department's calculations regarding defendant's criminal history score of 15 and criminal history category of VI. PSR ¶¶ 36-38. Therefore, the guideline range sentence in this case is 33-41 months.

## IV.   LEGAL AUTHORITY

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 552 U.S. 85, 108 (2007) (quoting *United States v. Gall*, 552 U.S. 38, 49 (2007)), and are to be kept in mind

throughout the process. *See Gall*, 552 U.S. at 50, n. 6. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for defendant, the Court should consider these factors, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner conduct.

## V. SENTENCING RECOMMENDATION

### A. A 33-month sentence is appropriate

The Sentencing Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Taking those 18 U.S.C. § 3553 factors into account, a term of imprisonment of 33 months is an appropriate and just sentence in this case, balancing the defendant's history and characteristics, the seriousness of the offense conduct, defendant's respect for the law, the just punishment, the need to protect the community from defendant's conduct, and deterrence.

#### 1. History and characteristics of the defendant

Defendant is a 29-year old native of Oakland. The PSR documents that he had a difficult childhood, in which among other adversities defendant lived in a succession of temporary residences with family members or in the foster care system. At times, defendant suffered or observed others

SENTENCING MEMORANDUM                                5
CR 20-447 HSG

suffering abuse.  Defendant never met his father, and he does not have ongoing contact with his mother.  He is a gunshot victim, surviving his wounds, but in a separate incident in Pennsylvania defendant's brother died from gunshot wounds.  Defendant has no employment history and last attended school in the 11th grade.  He is currently in a relationship, and he has a 10-month old son.

Although the government acknowledges the well-documented adversities defendant experienced to date, particularly during his youth, the PSR also documents his numerous contacts with the criminal justice system including multiple convictions and several arrests.  Within the past 5-10 years, during his twenties, defendant's criminal history is serious and does not appear to be dissipating.  See PSR ¶¶ 29-35 [convictions], 41-43 and 52-59 [arrests].

### 2. Seriousness of the conduct, respect for the law, just punishment

While on probation, defendant possessed a loaded firearm.  The firearm was reported as stolen.  Defendant was driving his Mercedes at night in West Oakland without headlights illuminated.  When law enforcement pulled him over, defendant lied about his name and date of birth.  He did so because he knew there was an outstanding warrant for his arrest.  Congress determined with the passage of section 922(g) that someone with defendant's history and status would be prohibited from possession of a loaded firearm, under any circumstances, including a stolen weapon in a vehicle late at night driven by a defendant without illuminated headlights.

Defendant's conduct shows a lack of respect for the law.  He knew he was prohibited from possessing loaded firearms from his prior firearms-related conviction in 2015.  He knew he was the subject of an outstanding arrest warrant, and he knew he was on probation.  Even so, defendant possessed the loaded handgun on the night of his arrest and he lied about his name and date of birth.

Defendant knew his conduct was unlawful and dangerous.  The recommended sentence will result in his longest term of incarceration, and it will be his first federal sentence and therefore his initial exposure to the programming available in BOP custody, where he can complete his GED and obtain vocational training among other options.  The recommended sentence will provide a just punishment.

### 3. The need to protect the community

The offense conduct in this case endangered the community.  A concealed firearm in a vehicle

SENTENCING MEMORANDUM                     6
CR 20-447 HSG

creates a risk of danger to those who are inside or within close proximity of the vehicle, including passersby and other motorists. In this case, the firearm was close at hand, not secured in the trunk. Whenever a vehicle is in transit with an armed occupant, the risk of harm to others is dynamic. The recommended sentence will protect the community.

### 4. The need for deterrence

Mr. Collins has a prior firearms-related felony conviction in 2015 and another instance in 2020 when he was charged with carrying a loaded firearm. PSR ¶¶ 34-35. This history indicates that to date, Mr. Collins has not been deterred from possession of firearms and ammunition.[1] The recommended sentence reflects the need for specific deterrence with a sentence in the guideline range.

### 5. The need for effective programming

As noted above, Mr. Collins has not had a previous federal sentence. While in Bureau of Prisons custody, he will have access to educational or vocational training, as he does not have a GED or employment history.

## B. Supervised Release

The government requests that the Court sentence the defendant to a term of three years of supervised release. This term would be defendant's first federal supervised release.

## C. Forfeiture

The government respectfully requests that the Court enter an order of forfeiture of items listed in the plea agreement – namely, the Sig Sauer P375 9mm handgun and the 9mm ammunition recovered at the time of defendant's arrest.

## VI. CONCLUSION

Taking into account defendant's history and characteristics, as well as all the 3553(a) factors, the

---

[1] On August 12, 2020, Mr. Collins's Mercedes was involved in a shooting that occurred in Oakland near the entrance to the Bay Bridge. The victim observed the driver of the Mercedes holding a gun out of the driver's side window, and then saw the driver fire two or three shots at the truck. Two of the bullets struck the victim's vehicle, leaving bullet holes on the right rear side of the truck. The victim continued driving to San Francisco where he reported the incident to SFPD and then CHP. He also managed to take a picture of the Mercedes and its license plate, and officers determined that the vehicle was registered to Collins.

SENTENCING MEMORANDUM                   7
CR 20-447 HSG

government requests that the Court impose a sentence of 33 months of imprisonment and three years of supervised release.

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

Dated: July 13, 2021

      /s/
JONATHAN U. LEE
Assistant United States Attorney
Attorney for the UNITED STATES OF AMERICA